## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ORTHOTIC & PROSTHETIC CENTERS,
INC., a Florida corporation,

      Plaintiff,

v.                               Case No. _____

LEVEL FOUR ORTHOTICS AND
PROSTHETICS, INC.,
a North Carolina corporation,

      Defendant.

_____/

### COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, Orthotic & Prosthetic Centers, Inc. ("OPC"), sues Defendant, Level Four Orthotics and Prosthetics, Inc. ("Defendant" or "Level 4"), and states as follows:

### NATURE OF THE CASE

1.      This is an action for injunctive and monetary relief, arising under the Lanham Act, 15 U.S.C. § 1125(a), as well as Florida's trademark and unfair competition common laws.

### PARTIES

2.      OPC is a corporation organized and existing under the laws of Florida, and maintains its principal place of business at 3611 5th Avenue North, St. Petersburg, FL 33713.

3.      Simply put, OPC provides the best in orthotic and prosthetic care throughout Florida and North and South Carolina, among others.

4.      Level 4 is a corporation organized and existing under the laws of North Carolina, and maintains its principal place of business at 2534 Empire Drive, Winston-Salem, North Carolina 27103.   Level 4 operates multiple clinics throughout the state of Florida.

5.      Level 4 offers prosthetics, orthotics and cranial remolding of unknown quality.

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1338, 15 U.S.C. § 1121 and principles of pendent jurisdiction.

7.      This Court has personal jurisdiction over the Level 4 as it regularly conducts business, committed tortious acts, and caused injury in the state of Florida.   Level 4 has sufficient minimum contact with this State and, in particular, this Judicial District, and maintenance of the suit in this Judicial District does not offend traditional notions of fair play and substantial justice.   Specifically, Level 4 maintains clinics in the state of Florida, and has recently adopted a new companywide name and logo that infringes OPC's trademark rights.

8.      The amount in controversy exceeds the minimal jurisdictional requirements.

9.      This Court has pendant jurisdiction over the state and common law claims asserted herein, as these claims are necessarily determinable together with the federal claims.

10.    Venue is proper in this District pursuant to 28 U.S.C. § 1391, as the material actions giving rise to the claims at issue took place in this district.

11.     Venue is proper pursuant to 28 U.S.C. § 1391(c) because, upon information and belief, Level 4 engages in business, maintains clinics, and commits acts of trademark infringement and unfair competition in this district.

12.     The exercise of personal jurisdiction over Level 4 is proper pursuant to, *inter alia*, Florida's long-arm statute, section 48.193 (1) and (2), Florida Statutes (2000).  Level 4 is subject to this Court's jurisdiction owing at least to the following activities in Florida: offering and supplying prosthetic, orthotic and cranial remolding devices and services through multiple brick and mortar clinic locations in Florida; registering with the Secretary of State to conduct business in the State of Florida; and, engaging in trademark infringement and unfair competition in this judicial district.

## FACTUAL BACKGROUND

**A.     THE OPC NAME ENJOYS WIDESPREAD RECOGNITION AND GOODWILL FROM DECADES OF PROVIDING EXCEPTIONAL PATIENT CARE**

13.     Founded in 1981, Orthotic and Prosthetic Centers spent decades earning its reputation as Florida's premier orthotic and prosthetic provider.

14.     Over much of its corporate existence, Orthotic and Prosthetic Centers has consistently used the word mark "OPC" as its trademark (the "OPC Word Mark").

15.     Given its extensive and long-standing use of the OPC Word Mark, patients, prospective patients, referring medical professionals and others in the industry have come to associate the OPC Word Mark exclusively with Orthotic and Prosthetic Centers.  That is, as a result of OPC's extensive and long-term use, the OPC Word Mark has acquired distinctiveness.

16.     OPC earned its reputation through a singular focus on patient-centered care. Indeed, OPC has consistently provided outstanding prosthetic and orthotic care to the communities it serves by listening to, learning from and caring about its patients. At OPC the patient truly comes first.

17.     As shown below, OPC's services extend to many types of patients having individualized needs, from cranial remolding helmets to pediatric prosthetics to sport specific legs.

  

18.     Given its years of successful service and reputation for excellence, OPC has expanded throughout Florida, and into North and South Carolina.

19.     In all, while prominently using its name and acronym, OPC has cared for *tens of thousands* of patients.  OPC has sold *tens of thousands* of prosthetics, orthotics and other products under the OPC Word Mark.

**B.     OPC'S DISTINCTIVE RUNNER LOGO**

20.     As noted above, Orthotic and Prosthetic Centers has become widely known by the OPC Word Mark after long-standing, continuous and widespread use.

21.     At least as early as 2012, OPC adopted and began using in interstate commerce the following stylized word/logo mark (the "OPC Logo Mark" and together with the OPC Word Mark, the "OPC Marks"):



22.     Since that time, OPC promoted its OPC Marks through expansive marketing efforts.  OPC prominently displays the OPC Marks on its signage, website, social media, products, staff uniforms, clothing, brochures, boards and signage at trade show displays, conferences, charity events, print advertisements, and company vehicles.

23.     On May 11, 2018, OPC applied to register the OPC Logo Mark (U.S. App. No. 87/917,850) based on Section 1(a) of the Lanham Act in connection with "fabrication of orthotic and prosthetic devices" in International Class 10 and "fitting of orthotic and prosthetic devices" in International Class 44.

24.     The following photograph depicts multiple examples of the OPC Logo Mark in use.



25.     OPC's investment and efforts over many years to associate the OPC Logo Mark with its business, goods, and services has made its OPC Logo Mark an asset of incalculable and substantial goodwill as the public symbol of OPC's business, goods, and services.

26.     Therefore, not only are the OPC Word Mark and OPC Logo Mark distinctive, they have acquired secondary meaning.

27.     As a result of its longstanding and exclusive use of the OPC Marks, OPC is entitled to, has acquired and owns the trademark rights to the OPC Marks.

28.     Unfortunately, OPC's success has attracted infringers that are anxious to capitalize on the goodwill of OPC-branded devices and services.

29.     Accordingly, maintaining control over its OPC Marks is imperative to safeguarding OPC, its patients, prospective patients and others in the industry from source confusion.

## C.     LEVEL 4'S INFRINGEMENT AND UNFAIR COMPETITION

30.     Upon information and belief, Level 4 has operated for fifteen or more years as Level 4 and/or other names.

31.     Like OPC, Level 4 has a place of business in North Carolina and offers orthotic and prosthetic products and services.

32.     On May 1, 2018, Level 4 filed United States Trademark Application No. 87/901,871 ("the '871 Application") for the word mark RESTORE OPC ("Infringing Word Mark").

33.     On June 27, 2018, Level 4 filed United States Trademark Application No. 88/017,042 ("the '042 Application") for a stylized mark.

34.     Both the '871 Application and the '042 Application (collectively, the "Restore OPC Applications") were filed on the basis of Level 4's tentative "intent to use" the marks, not actual use.

35.     On October 18, 2018, Level 4 commenced using the Infringing Word Mark and its stylized mark reproduced below:



("Infringing Logo Mark," and together with the Infringing Word Mark, the "Infringing Marks").

36.     On October 18, 2018, Level 4 launched a website hosted at www.restoreopc.com ("Level 4's Website"). Upon information and belief, at that time, Level 4's changed its name and logo to Restore OPC.

37.     Thus, upon information and belief, Level 4 has abandoned its name in favor of the Infringing Marks.

38.     Level 4 is using the Infringing Marks to sell goods and services that are the same or similar to those offered by OPC.

39.     In particular, Level 4 is using the Infringing Marks in connection with orthotic and prosthetic devices and services that are the same as those offered by OPC.

40.     The Infringing Marks are confusingly similar in appearance, blue color, meaning and commercial impression to OPC's Logo Mark.





41.     As depicted above, the Infringing Marks are calculated to confuse.  That is, they meticulously copied the precise color scheme and font arrangement for the words having the first letters O, P, and C in blue color with the remainder of the letters in gray.

42.     Relative to the OPC Marks, the stylized person in the Infringing Marks incorporates elements in an identical blue color, having a leftward running stance with an identical arm and leg posture.  Likewise, the Infringing Marks also copied the arrangement of the stylized person located to the left of the words in the mark and proportioned similarly relative to the words in the logo.

43.     Level 4 is using the Infringing Marks in connection with the same or overlapping classes of patients, prospective patients, medical industry professionals and others in the industry.

44.     Level 4 is using the Infringing Marks within the same channels of trade as OPC, including at least in connection with clinics.

45.     Upon information and belief, Level 4 was aware of OPC's use and rights in the OPC Word Mark and the OPC Logo Mark.

46.     The registration and use of the Infringing Marks are likely to cause confusion as to the source or origin of the goods and services, and is likely to mislead consumers.

47.     The Restore OPC Applications were published for opposition in the *Official Gazette* on October 23, 2018.

48.     On the same day, OPC filed its opposition against the Restore OPC Applications with the United States Patent and Trademark Office ("USPTO"), and the USPTO Trademark Trial and Appeal Board issued a Notice of Opposition for opposition proceeding No. 91244312.

49.     Upon information and belief, the Infringing Marks are causing actual consumer confusion.

50.     Level 4 is not now, nor has it ever been, authorized or licensed to use the OPC Marks.

51.     Level 4's Website unlawfully exploits the goodwill associated with the OPC Marks.

52.     At the time Level 4 filed the Restore OPC Applications and registered its domain name for Level 4's Website, it was aware of the OPC Marks and OPC's website, and was acting with bad faith intent to profit from the OPC Marks.

53.     Level 4 uses the domain name of Level 4's Website to divert consumers from OPC's website and sell competing products from Level 4's Website.

54.     The sale of competing products from Level 4's Website is for Level 4's commercial gain.

55.     The net effect of Level 4's use of the Infringing Marks and the domain name for Level 4's Website is consumer confusion about the origin, source, or affiliation of Level 4's products and services.

56.     The damage suffered by OPC is multiplied because the Level 4's products and service are of unknown quality.

57.     By using the Infringing Marks to promote Level 4's products and services of unknown quality, Level 4 is irreparably damaging the goodwill associated with the OPC Marks.

58.     OPC has no adequate remedy at law without the requested injunctive relief.

59.     OPC's injury outweighs the injury that would be sustained by Level 4 as a result of injunctive relief.

60.     The injunctive relief would not adversely affect public policy or the public interest.  To the contrary, a lack of injunctive relief will result in consumer confusion and damage to the goodwill associated with the OPC Marks.

61.     Level 4 is aware of OPC's exclusive rights to the OPC Marks, and Level 4's infringement is wanton, willful, and in bad faith.

**COUNT I**
**(UNFAIR COMPETITION UNDER THE LANHAM ACT)**
**(15 U.S.C. § 1125(A))**

62.     OPC repeats and realleges the allegations of paragraphs 1-61 as if fully set forth herein.

63.     Level 4 has been and is continuing to use a false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Level 4 with OPC, or as to the sponsorship, or approval of Level 4's services or commercial activities by OPC and, in commercial advertising or promotion, has misrepresented and is misrepresenting the affiliation, connection, or association of Level 4 with OPC, or as to the sponsorship, or approval of Level 4's services or commercial activities by OPC.   This includes, without limitation, Level 4's use of the Infringing Word Mark alone, as well as the Infringing Logo Mark.

64.     Level 4's conduct alleged herein constitutes misappropriation of OPC's valuable property rights, and trades on the goodwill symbolized by the distinctive OPC Word Mark, as well as the OPC Logo Mark.   Such use is likely to confuse and deceive members of the purchasing public.

65.     Level 4's conduct alleged herein is harming OPC.

66.     By virtue of such conduct, Level 4 has engaged in unfair competition in violation of 15 U.S.C. §1125(a).

67.     OPC has no adequate remedy of law.

68.     Accordingly, OPC is entitled to compensatory damages, injunctive relief and other equitable relief against Level 4.

## COUNT II
### (FLORIDA COMMON LAW TRADEMARK INFRINGEMENT)

69.     OPC repeats and realleges the allegations of paragraphs 1-61 as if fully set forth herein.

70.     Level 4's acts alleged herein comprise trademark infringement against OPC under the laws of the State of Florida.

71.     Level 4's use of the Infringing Marks for their directly competitive services is likely to cause confusion with the OPC Word Mark and the OPC Logo Mark.  This includes, without limitation, Level 4's use of the Infringing Word Mark alone, as well as the Infringing Logo Mark.

72.     By reason of the foregoing activities, Level 4 has violated and infringed OPC's rights in the OPC Marks, and has otherwise competed unfairly with OPC, in violation of the common law of the State of Florida.

73.     Upon information and belief, all of Level 4's acts were and are intentional and willful.

74.     Level 4's acts have damaged OPC and, unless enjoined, will continue to damage and cause irreparable injury to OPC' reputation and goodwill.

75.     OPC has no adequate remedy of law.

76.     Accordingly, OPC is entitled to compensatory damages, injunctive relief and other equitable relief against Level 4.

## COUNT III
## (FLORIDA COMMON LAW UNFAIR COMPETITION)

77.     OPC repeats and realleges the allegations of paragraphs 1-61 as if fully set forth herein.

78.     Level 4's acts alleged herein constitute unfair competition in violation of the Florida common law.  This includes, without limitation, Level 4's use of the Infringing Word Mark alone, as well as the Infringing Logo Mark.

79.     Level 4's use of the goodwill symbolized by the distinctive OPC Marks, in a manner which is likely to confuse and deceive members of the purchasing public, constitutes unfair competition.

80.     Level 4's sale of products and services in connection with its Infringing Marks constitutes unfair competition.

81.     Level 4's advertisements that include the Infringing Marks constitute unfair competition.

82.     By reason of the foregoing activities, Level 4 have competed unfairly with OPC in violation of the common law of the State of Florida.

83.     Upon information and belief, Level 4's acts have damaged OPC and, unless enjoined, will continue to damage and cause irreparable injury to OPC' reputation and goodwill.

84.     OPC has no adequate remedy at law.

85.     Accordingly, OPC is entitled to compensatory damages, injunctive relief and other equitable and monetary relief against Level 4.

## **PRAYER FOR RELIEF**

WHEREFORE, OPC demands judgment as follows:

1.      Injunctive relief, mandating and/or enjoining Defendant, its officers, directors, members, shareholders, agents, servants, employees, subsidiaries, affiliates, successors, assigns, attorneys, representatives, any entities owned or controlled by any of them, and all those in active concert or participation with any of them, and each of them who receives notice directly or otherwise, from, *inter alia*:

(a)      representing to anyone, or committing any acts calculated to cause members of the public to believe, that Defendant's goods or services have any authority, sponsorship, affiliation, or any connection with OPC or OPC's goods and services*;*

(b)      using in any manner the Infringing Marks, the OPC Word Mark, the OPC Logo Mark, or any other words similar thereto that may cause, or may be likely to cause, confusion, mistake, or deception by the public, alone or in combination with any other word or words;

(c)      unfairly competing with OPC;

(d)      continuing to unjustly enrich themselves at OPC's expense;

(e)      filing and attempting to register any trademark application for the Infringing Marks, or any other mark(s) confusingly similar to the OPC Marks, in the U.S. Patent & Trademark Office;

(f)      continuing Defendant's unlawful acts as complained of herein, independent of the violations described in subsections (a) - (d), *supra*; and,

(g)    aiding, assisting or abetting any act prohibited by subparagraphs (a) - (f) above, or engaging in any such act in the future.

2.    An Order, whereby Defendant is ordered to, *inter alia*:

(a)    remove and/or destroy any printed advertising materials or signage using as trademarks or any other name containing the Infringing Marks, the OPC Marks, or any derivative thereof;

(b)    pay to OPC such damages, together with pre-judgment interest and post-judgment interest, as OPC has sustained as a consequence of Defendant's wrongful acts;

(c)    account for and return pay OPC all monies, gains, profits, and advantages obtained by Defendant due to Defendant's wrongful acts, together with pre-judgment interest and post-judgment interest;

(d)    pay exemplary and punitive damages to OPC that the Court finds appropriate to deter any future tortious or unlawful conduct, in an amount at least ten times the amount of OPC's actual damages plus Defendant's wrongfully-obtained profits;

(e)    pay to OPC, OPC's costs of this action, including, without limitation, OPC's attorney's fees; and,

(f)    pay to OPC the costs associated with corrective advertising sufficient to remedy consumer confusion cause as a result of Defendant's wrongful acts.

3.    A Judgment and/or Declaratory Judgment declaring that, *inter alia*:

(a)    Defendant's courses of conduct set forth hereinabove are unlawful*;*

(b)     OPC is the rightful and prior user of the OPC Marks;

(c)     the OPC Word Mark and the OPC Logo Mark are valid; and

(d)     Defendant infringes OPC's trademark rights including, without limitation, the OPC Word Mark and the OPC Logo Mark and all other related marks.

4.     An award to OPC for such other and further relief as this Court may deem just.

## JURY DEMAND

OPC hereby demands a trial by jury on all issues properly triable to a jury.

Dated: October 23, 2018

Respectfully submitted,

By: */s/ Alejandro J. Fernandez*
        Alejandro J. Fernandez, Trial Counsel
        Board Certified in Intellectual Property Law
        Fla. Bar No. 32221
        E-mail: afernandez@brinksgilson.com
        Stephen J. Leahu, Trial Counsel
        Board Certified in Intellectual Property Law
        FL. Bar No.: 54037
        E-mail: sleahu@brinksgilson.com
        **BRINKS GILSON & LIONE**
        SunTrust Financial Centre
        401 E. Jackson Street, Suite 3500
        Tampa, FL  33602
        Telephone No. (813) 275-5020
        Telefacsimile No. (813) 275-5021

        *Counsel for Plaintiff*