**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ORTHOTIC & PROSTHETIC CENTERS,
INC., a Florida corporation,

    Plaintiff,

v.                                          Case No. 8:18-cv-02609-SDM-SPF

LEVEL FOUR ORTHOTICS AND
PROSTHETICS, INC.,
a North Carolina corporation,

    Defendant.
_____/

**CASE MANAGEMENT REPORT[1]**

1.    Meeting of the Parties: Under Local Rule 3.05(c)(2)(B)(A), a meeting was held on January 10, 2019 at 11:00 a.m.
(check one)

(X)  by telephone
(  )  at _____

    The meeting was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Alejandro J. Fernandez | Orthotic & Prosthetic Centers, Inc. |
| Stephen J. Leahu | |
| Jonathan Morton | Level Four Orthotics and Prosthetics, Inc. |

---

[1] Despite Plaintiff's emphatic and best efforts to persuade Defendant to join the present case management report, for the reasons detailed in Section 6, *infra*, Defendant flatly refused. Instead, Defendant filed a last-minute request for an extension of time to file the present joint case management report. *See* Motion for Extension of Time, ECF No. 20. In an effort to fully comply with this Court's Order, ECF 8, Plaintiff files the present case management report.

John Cotter

Eric Lee

2.     Initial Disclosure:

    a.     Rule 26(a)(1), Federal Rules of Civil Procedure, states:

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> (i)     the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii)     a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (iii)     a computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
> (iv)     for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment. [2]

The parties (check one)

( )     have exchanged Rule 26(a)(1)(A) information.
(X)     agree to exchange Rule 26(a)(1)(A) information
on or before <u>January 24, 2019</u>. [3]

---

[2] A party is not excused from an initial disclosure because the party has not fully completed an investigation of the case or because the party challenges the sufficiency of another party's disclosures or because another party has failed to disclose. Fed. R. Civ. P. 26(a)(1).

[3] Under Rule 26(a)(1)(C), "A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a

( )   stipulate not to disclose Rule 26(a)(1)(A) information because
_____
_____
_____

( )   are unable to agree to disclosure of Rule 26(a)(1)(A) information because
_____
_____
_____

3.   Discovery Plan (Plaintiff): The parties jointly propose the following discovery plan for the plaintiff:

   a.   Planned Discovery: A description of each discovery effort the plaintiff plans to pursue appears below under the pertinent heading and includes the subject of the discovery and the time during which the plaintiff will pursue the discovery.

      (1)   Request for Admission:

         Pursuant to Fed. R. Civ. P. 36, no limit to requests for admission ("RFAs"); RFAs may be served on all discoverable matters prior to September 6, 2019, thus permitting parties to evaluate whether to file any necessary Motion To Compel before the discovery cutoff of October 18, 2019.

         Number of Requests for Admission: In paragraph 6 of this Order, a party may seek — in accord with Rule 26(b)(2) — to limit the number of the plaintiff's requests for admission.

      (2)   Written Interrogatory:

         Pursuant to the Fed. R. Civ. P. 33 each party may serve up to twenty-five on each receiving party by September 6, 2019, thus permitting parties to evaluate whether to file any necessary Motion To Compel before the discovery cutoff of October 18, 2019.

         Number of Interrogatories: Local Rule 3.03(a) states, "Unless otherwise permitted by the Court for cause shown, no party shall serve

---

party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan." Unless otherwise stipulated or ordered, any party first served or otherwise joined after the Rule 26(f) conference must initially disclose within thirty days of being served or joined. Fed. R. Civ. P. 26(a)(1)(D).

      upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts." In paragraph 6 of this order the plaintiff may request leave to exceed this limit.

(3)     Request for Production or Inspection:

      Pursuant to the Fed. R. Civ. P. 34 no limit to requests for production ("RFPs"); RFPs may be served on all discoverable matters prior to September 6, 2019, thus permitting parties to evaluate whether to file any necessary Motion To Compel before discovery cutoff of October 18, 2019. RFPs must comply with Electronically Stored Information Agreement between the parties.

(4)     Oral Deposition:

      Each party may take up to 10 depositions.

      Number of Depositions: Local Rule 3.02(b) states, "In accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." In paragraph 6 of this Order the plaintiff may request leave to exceed this limit.

      Time Permitted for Each Deposition: Under Rule 30(d)(2), each deposition is limited to seven hours during one day unless extended by order or by agreement of the parties.

      Plaintiff requests an order extending the duration of the following depositions:

| Name | Proposed Length of Deposition | Grounds |
|---|---|---|
|  |  |  |

b.     Disclosure of Expert Testimony: Under Rule 26(a)(2)(C), the parties stipulate that the Plaintiff's Rule 26(a)(2) disclosure is due on or before   August 30, 2019.

Notwithstanding, to the extent a party other than the plaintiff carries the burden of proof on any matter, the parties stipulate that the party with the burden of proof will disclose by August 30, 2019. The rebutting party will disclose by October 4, 2019.

    c.    Supplementation of Disclosure and Response: The parties agree that the plaintiff will supplement under Rule 26(e) at the following times:

    February 28, 2020.

    d.    Completion of Discovery: The plaintiff will begin discovery in time to complete the discovery on or before <u>Thursday, October 18, 2019</u>.

4.    Discovery Plan (Defendant): The parties jointly propose the following discovery plan for the defendant:

> *After agreeing to specific dates and limitations during the Rule 26(f) conference, Defendant refused to authorize their counsel to file the present CMR.*

    a.    Planned Discovery: A description of each discovery effort the defendant plans to pursue appears below under the pertinent heading and includes the subject of the discovery and the time during which the defendant will pursue the discovery.

    (1)    Request for Admission:

    Pursuant to Fed. R. Civ. P. 36, no limit to requests for admission ("RFAs"); RFAs may be served on all discoverable matters prior to September 6, 2019, thus permitting parties to evaluate whether to file any necessary Motion To Compel before the discovery cutoff of October 18, 2019.

    Number of Requests for Admission:  In paragraph 6 of this order, a party may seek — in accord with Rule 26(b)(2) — to limit the number of the defendant's requests for admission.

    (2)    Written Interrogatory:

    Pursuant to the Fed. R. Civ. P. 33 each party may serve up to twenty-five on each receiving party by September 6, 2019, thus permitting parties to evaluate whether to file any necessary Motion To Compel before the discovery cutoff of October 18, 2019.

    Number of Interrogatories: Local Rule 3.03(a) states, "Unless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-

five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts." In paragraph 6 of this order the defendant may request leave to exceed this limit.

(3)     Request for Production or Inspection:

Pursuant to the Fed. R. Civ. P. 34 no limit to requests for production ("RFPs"); RFPs may be served on all discoverable matters prior to September 6, 2019, thus permitting parties to evaluate whether to file any necessary Motion To Compel before the discovery cutoff of October 18, 2019.  RFPs must comply with Electronically Stored Information Agreement between the parties.

(4)     Oral Deposition:

Defendants agree to take no more than ten depositions.

Number of Depositions: Local Rule 3.02(b) states, "In accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  In paragraph 6 of this Order the defendant may request leave to exceed this limit.

Time Permitted for Each Deposition:  Under Rule 30(d)(2), each deposition is limited to seven hours during one day unless extended by order or by agreement of the parties.

The parties request an order extending the duration of the following depositions:

| Name | Proposed Length of Deposition | Grounds |
|---|---|---|
| | | |

b.     Disclosure of Expert Testimony: Under Rule 26(a)(2)(C), the parties stipulate that the Defendant's Rule 26(a)(2) disclosure is due on or before <u>August 30, 2019</u>.

Notwithstanding, to the extent a party other than the plaintiff carries the burden of proof on any matter, the parties stipulate that the party with the burden of proof will disclose by August 30, 2019.  The rebutting party will disclose by October 4, 2019.

  c. Supplementation of Disclosure and Response:  The parties agree that the defendant will supplement under Rule 26(e) at the following times:

  February 28, 2020

  d. Completion of Discovery:  The defendant will begin discovery in time to complete the discovery on or before <u>Thursday, October 18, 2019</u>.

5. Joint Discovery Plan:  The parties agree to the following discovery practices (e.g., method of handling confidential information, method for asserting or preserving a privilege or an objection, arrangement for discovery in phases or only on particular issues):

 The parties intend to jointly move for a Protective Order.  The parties further anticipate entering into an Electronically Stored Information Stipulation/Agreement.

6. Disagreement or Unresolved Issue Concerning Discovery:

 On January 10, 2019, the parties attended a lengthy discovery conference and conferred in detail about all the issues set forth in Rule 26(f) and this Court's Order of Oct. 18, 2018, (ECF No. 8).  Defendant had three lawyers present at the discovery conference and made numerous representations and stipulations, which were memorialized in the present Case Management Report ("CMR").  After the discovery conference, Plaintiff promptly circulated the proposed CMR for review by Defendant.  Defendant ignored Plaintiff's email.  Not receiving a response, Plaintiff repeatedly reminded Defendant of the Court's order and the requirement that the parties jointly file a CMR within seven days of the required meeting.

 At a meet and confer today, Defendant refused to permit Plaintiff's joint filing of the present report, even though Plaintiff recommended filing the present CMR with a note to the Court that Defendant's counsel intends to move for leave to withdraw from representation on January 25, 2019.  Defendant flatly refused to authorize any filing of a joint CMR.  As such, Plaintiff was left with no option but to file the present CMR, which is based on the agreements reached during the discovery conference and the proposed CMR circulated immediately after the discovery conference.

7. Third-Party Claim, Joinder of Party, Potentially Dispositive Motion:  The parties agree that they must move by <u>May 29, 2019</u> for leave to file a third-party claim or for leave

to join a party.  See Local Rule 4.03.  The parties agree that any dispositive motions are due on or before <u>November 22, 2019.</u>

8.      Settlement and Alternative Dispute Resolution:  Under Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement of their intent regarding alternative dispute resolution:

    The parties agree that settlement is (check one)

    ( )    likely.
    (X)    unlikely.

    Concerning binding arbitration under Local Rules 8.02(a)(3) and 8.05(b), the parties (check one)

    ( )    consent.
    (X)    fail to consent.

    If the parties fail to consent to binding arbitration, future consent is (check one)

    ( )    likely.
    (X)    unlikely.

    If the parties fail to consent to binding arbitration, an order will require mediation under Chapter Nine of the Local Rules.

9.      Consent to Magistrate Judge Jurisdiction:  Concerning consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial (see 28 U.S.C. § 636), the parties (check one)

    ( )    consent.
    (X)    fail to consent.

    If the parties do not consent, future consent is (check one)

    ( )    likely.
    (X)    unlikely.

10.    Final Pretrial Conference and Trial:  The parties will prepare for a final pretrial conference, which will occur on or after <u>May 1, 2020</u>, and for trial, which will occur on or after the <u>June, 2020 trial term</u>.  This trial is expected to last approximately <u>five trial days</u> and is a (check one)

      (X)    jury trial.
      ( )    bench trial.

11. Pretrial Disclosure and Final Pretrial Procedure: The parties acknowledge awareness of and compliance with the pretrial disclosure requirements in Rule 26(a)(3) and the final pretrial procedure requirements in Local Rule 3.06.

12. Other Items:

Dated: January 17, 2019

_____

Jonathan B. Morton (FBN: 956872)
K&L Gates LLP
Southeast Financial Center
200 S. Biscayne Blvd. Ste. 3900
Miami, FL 33131
Phone No. (305) 539-3300
Fax No. (305) 358-7095
Jonathan.morton@klgates.com

John J. Cotter, Esq. *(pro hac vice)*
Eric W. Lee, Esq. *(pro hac vice)*
**K&L Gates LLP**
One Lincoln Street
Boston, MA 02111
Phone: (617) 261-3178
Fax: (617) 261-3175
john.cotter@klgates.com
eric.lee@klgates.com

and

Frank L. Politano, Esq. *(pro hac vice)*
**K&L Gates LLP**
One Newark Center, Tenth Floor
Newark, NJ 07102
Phone: (973) 848-4150
Fax: (973) 556-1570
frank.politano@klgates.com

*Attorneys for Defendants*
*Level Four Orthotics and Prosthetics, Inc.*

*/s/ Alejandro J. Fernandez*

Alejandro J. Fernandez (FBN: 32221)
Board Certified in Intellectual Property
Stephen J. Leahu (FBN: 0054037)
Board Certified in Intellectual Property
**BRINKS GILSON & LIONE**
SunTrust Financial Centre, Suite 3500
401 E. Jackson Street
Tampa, FL 33602
afernandez@brinksgilson.com
sleahu@brinksgilson.com
Phone No. (813) 275-5020
Fax No. (813) 275-5021


*Attorneys for Plaintiffs*
*Orthotic & Prosthetic Centers, Inc.*

CERTIFICATE OF SERVICE

I HEREBY certify that on January 17, 2019, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.

*/s/ Alejandro J. Fernandez*
Alejandro J. Fernandez