**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ORTHOTIC & PROSTHETIC CENTERS, INC.,

    Plaintiff,

v.                                                         Case No. 8:18-cv-2609-SDM-SPF

LEVEL FOUR ORTHOTICS AND
PROSTHETICS, INC.,

    Defendant.

_____/

**AMENDED[1] MOTION TO STRIKE AFFIRMATIVE DEFENSE OF UNCLEAN
HANDS AND MOTION TO DISMISS THE AMENDED COUNTERCLAIMS**

Plaintiff, Orthotic & Prosthetic Centers, ("OPC") moves to strike Defendant, Level Four Orthotics and Prosthetics, Inc.'s ("Defendant") Amended Affirmative Defense II and dismiss Defendant's Amended Counterclaims, and states as follows:

**I.  INTRODUCTION**

Defendant improperly pleaded affirmative defense II. This affirmative defense—unclean hands—is "clearly invalid" as a matter of law under Eleventh Circuit and other relevant jurisprudence, and thus should be stricken. First, an alleged competing copyright interest in part of a trademark does not defeat Lanham Act or unfair competition claims. Second, the allegedly unauthorized use of an image does not, as a matter of law, constitute the

---

[1] Pursuant to the Court's Order [ECF No. 44], OPC submits this amended motion.

1

"egregious misconduct" required to plead unclean hands.[2]  Third, the allegedly unauthorized use of an image is wholly collateral to OPC's Lanham Act and unfair competition claims.

Absent this Court's intervention to strike the affirmative defense of unclean hands, OPC's properly pleaded Lanham Act and state law claims will be muddled improperly with Defendant's copyright counterclaims.  Such muddling powerfully undermines the central goals of trademark and unfair competition law: safeguarding consumers from confusion and protecting business goodwill.  It is also highly likely to cause unfair prejudice and confusion as to OPC's trademark and unfair competition claims.

Further still, Defendant failed to state a claim for statutory attorneys' fees because it does not meet statutory prerequisites to attorneys' fees under 17 U.S.C. § 412.  Lastly, Defendant's Amended Counterclaim amounts to an impermissible shotgun pleading under Fed. R. Civ. P. 8(a).  Accordingly, the Amended Counterclaims must be dismissed.

## II.     LEGAL STANDARD FOR A MOTION TO STRIKE

Fed. R. Civ. P. 12(f) authorizes this Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Further, this Court grants motions to strike "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."  *Clarendon Am. Ins. Co. v. All Bros. Painting*, 2013 U.S. Dist. LEXIS 157668, at *2 (M.D. Fla. Nov. 4, 2013) (citing *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F.Supp.2d 393, 402 (E.D. Pa. 2002)).  Defendant's responsive pleading requires clean-up.

---

[2] In addition to its legal and equitable arguments, OPC unequivocally denies unauthorized use of any image and/or copyright infringement.

### III. DEFENDANT'S UNCLEAN HANDS DEFENSE MUST BE STRICKEN AS LEGALLY DEFECTIVE

Defendant's second affirmative defense, unclean hands, must be stricken because it is clearly invalid as a matter of law. An affirmative defense "is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *PODS Enterprises, Inc. v. ABF Freight Systems, Inc.*, 2011 U.S. Dist. LEXIS 119657, at *5 (M.D. Fla. Oct. 17, 2011) (granting motion to strike affirmative defense of unclean hands because it was legally insufficient). Here, Defendant argues that the doctrine of unclean hands bars OPC's claims because OPC allegedly lacks permission to use a copyright in the "running man" figure that is part of the OPC marks. This affirmative defense is clearly invalid for multiple reasons.

#### A. An Allegedly Competing Copyright Interest Does Not Defeat OPC's Trademark And Unfair Competition Claims

OPC's trademark and unfair competition claims are not defeated by the existence of copyright holders other than OPC. At least one Court has struck affirmative defenses attempting to defeat trademark claims based on competing copyrights. *Tristar Pictures, Inc. v. Del Taco*, 1999 U.S. Dist. LEXIS 22605, at *10 (C.D. Cal. Aug. 31, 1999). In *Tristar*, the issue was "[w]hether the plaintiffs' trademark claims [we]re or would be defeated by the existence of copyright holders other than the plaintiffs." *Id.* at *5. The defendant unsuccessfully argued that plaintiffs could not maintain trademark claims when the plaintiffs did not own copyrights in Zorro, a character in the asserted trademark. *Id*. Relying on *McCarthy on Trademarks and Unfair Competition*, the court in *Tristar* reasoned that trademark law and copyright law are not mutually dependent. *Id*. at *6. The court reasoned:

3

> While a particular item might implicate both trademark and copyright issues, the two doctrines address and protect different aspects of that item. Trademark addresses and protects the item's ability to identify its origin. Copyright protects the maker's original creative expression included in the item.

*Id.* at *7. In striking the defendant's affirmative defenses, the court held "[b]ecause trademark only relates to the item's origin-identifying characteristics, *the owner of the trademark need not own any other aspects of the item.*" *Id*. Thus, the theory that a competing copyright interest is as a matter of law fatal to a trademark claim was rejected and stricken. *Id.* at *10.

Here, Defendant argues that an allegedly competing copyright interest in the Shutterstock image is fatal to OPC's claims. (Def.'s Am. Answer, 8, ECF No. 29.) More specifically, the gravamen of Defendant's unclean hands affirmative defense is that OPC "copied and used without authorization" a Shutterstock image that Defendant allegedly bought, and that such unauthorized use bars OPC's claims. *Id*. This was precisely the argument rejected and struck as legally defective in *Tristar*. 1999 U.S. Dist. LEXIS 22605, at *10.

Applying the same reasoning as in *Tristar*, OPC's claims only relate to the origin-identifying characteristics of OPC's asserted mark. It follows that OPC need *not* own any other aspects of the asserted mark to maintain any of its claims. *Id*. Since OPC need not own any other aspects of the asserted mark, a competing ownership interest in a work from which part of OPC's logo was allegedly derived cannot defeat its claims. This renders Defendant's affirmative defense of unclean hands clearly invalid as to each of OPC's claims.

### B. Defendant Has Not Pleaded the Egregious Misconduct Required To Justify An Affirmative Defense of Unclean Hands in a Lanham Act or Unfair Competition Claim

An unclean hands defense also requires *egregious* misconduct. *Citizens Fin. Group, Inc. v. Citizens Nat'l Bank of Evans City*, 383 F.3d 110, 129 (3rd Cir. Sept. 9, 2004) (emphasis

added). This is especially important in a Lanham Act case because the central concern of trademark law is safeguarding the public from marketplace confusion in competition and protecting business goodwill. *Id*. Thus, it is imperative that the Court "show solicitude for the public in evaluating an unclean hands defense." *Id*. (internal citations omitted). For this reason, in *Citizens*, the Third Circuit held that "the district court's heavy reliance on the doctrine of unclean hands to justify its denial of injunctive relief improperly weighted that evidence to the exclusion of the merits of trademark owner's claim and the public interest," and was an abuse of discretion. *Id*. at 130. This Court has previously followed *Citizens*. *See Ford Motor Co. v. O.E. Wheel Distribs., LLC*, 868 F. Supp. 2d 1350, 1368 (M.D. Fla. Apr. 12, 2012) ("Notably, in trademark infringement actions, courts have required clear, convincing evidence of 'egregious' misconduct before invoking the doctrine of unclean hands").

Defendant's allegations of misconduct fail to allege "egregious misconduct." Rather, the alleged wrongdoing is that OPC created a derivative image of an underlying copyrighted work without authorization from a previous owner of the work. (Def.'s Am. Counterclaims, 17, ¶ 41, ECF No. 29.) Putting aside Defendant's factually wrong allegations and that OPC's use of its mark is entirely rightful, Defendant's allegation of copyright infringement of an underlying image does not rise to the level of alleging the "egregious misconduct" required to maintain an unclean hands defense. Thus, Defendant's affirmative defense of unclean hands must be stricken.

**C. Defendant's Copyright Claims Are Collateral to OPC's Trademark**

To properly plead an affirmative defense of unclean hands, the Eleventh Circuit requires that a defendant satisfy two elements. *Calloway v. Partners Nat'l Health Plans*, 986

F.2d 446, 450 (11th Cir. Mar. 19, 1993) (holding that defendant did not meet the requirements for unclean hands). First, the defendant must show that the alleged wrongdoing "is directly connected to the claim against which it is asserted." *Id*. at 451. According to this Court, "[i]n trademark infringement suits, the doctrine of unclean hands requires allegations specifically related to the trademark which is at issue and *not collateral* to the trademark itself." *PODS*, 2011 U.S. Dist. LEXIS, at *18 (emphasis added). The Supreme Court has explained that trademark law is designed to protect the origin of goods and prevent consumer confusion as to the source of goods, *not* to protect originality or creativity, those being under the purview of copyright and patent law. *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003) (holding that federal trademark law cannot be used to extend copyrights). Second, "even if directly related, the plaintiff's wrongdoing does not bar relief unless the defendant can show that it was *personally injured* by [plaintiff's] conduct." *PODS*, 2011 U.S. Dist. LEXIS, at *18.

Here, as detailed *supra*, Defendants assert unclean hands on the theory that OPC is using an unauthorized image. The alleged use of an unauthorized image, however, has no bearing on the present trademark infringement claims. Rather, trademark law protects the origin of goods and prevents consumer confusion, not originality or creativity. *See Dastar*, 539 U.S. at 37; *see also Tristar*, 1999 U.S. Dist. LEXIS 22605, at *6. Because Defendant's allegations of copyright infringement pertain to originality and creativity, they are entirely collateral to the trademark itself, and Defendant fails the first requirement of unclean hands. Accordingly, Defendant's unclean hands affirmative defense is clearly invalid as a matter of law and should be stricken.

## IV.   LEGAL STANDARD FOR A MOTION TO DISMISS

To survive a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). However, courts are not required to "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "A complaint that provides 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' is not adequate to survive a 12(b)(6) motion to dismiss." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 677. The court "should assume, on a case-by-case basis, that well pleaded factual allegations are true, and then determine whether they plausibly give rise to an entitlement to relief." *Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010).

## V.   DEFENDANT FAILED TO STATE A CLAIM FOR ATTORNEYS' FEES

Defendant has not and cannot meet the statutory requirements for an award of attorneys' fees under the Copyright Act. Defendant alleges that it is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505. That statute, however, provides that the Court may award attorneys' fees to a prevailing party, "[e]xcept as otherwise provided by this title." In turn, 17 U.S.C. § 412(1) requires that registration predate infringement as a statutory pre-

requisite to an attorneys' fees award. Similarly, 17 U.S.C. § 412 (2) requires registration within three months of first publication as a statutory pre-requisite to an attorneys' fee award.

Defendant's amended counterclaims, on their face, establish that Defendant is not entitled to attorneys' fees because it failed to meet either statutory prerequisite of 17 U.S.C. § 412. First, Defendant alleges that Plaintiff "has used the Copyrighted Work…since 2012." (Def.'s Am. Counterclaims, 16-17, ¶ 39, ECF No. 29.) Additionally, the Copyright registration asserted by Defendant was registered on January 14, 2019. (Def.'s Am. Counterclaims, Exhibit 1, ECF No. 29.) The alleged use, therefore, predates Defendant's registration date of January 14, 2019 by *years*, and forecloses any recovery of attorneys' fees under 17 U.S.C. § 412(1). Second, Defendant alleges a date of first publication of the Copyrighted Work of June 6, 2011. (Def.'s Am. Counterclaims, 16, ¶ 38, ECF No. 29.) The date of first publication predates the registration date of January 14, 2019 by *years*, also foreclosing any recovery of attorneys' fees under 17 U.S.C. § 412(2). In light of 17 U.S.C. § 412's prerequisites for attorneys' fees, Defendant failed to state a basis for attorneys' fees. Moreover, given the facts alleged, any amendment would be futile, and thus Defendant's request for statutory attorneys' fees should be denied with prejudice.

## VI.   DEFENDANT'S AMENDED COUNTERCLAIMS CONSTITUTE AN IMPERMISSIBLE SHOTGUN PLEADING UNDER FED. R. CIV. P. 8(a)

Defendant's counterclaim is the type of "shotgun pleading" that this Court has dismissed time and again. *Tampa Park Apartments v. Sec'y, HUD*, No. 8:14-cv-1230-T-23AEP, 2015 U.S. Dist. LEXIS 39303, at *6-8 (M.D. Fla. Mar. 27, 2015); *Arroyo v. Judd*, No. 8:10-cv-911-T-23TBM, 2010 U.S. Dist. LEXIS 59043, at *3 (M.D. Fla. June 15, 2010); *Jackson-Platts v. McGraw-Hill Cos., Inc.*, No. 8:13-cv-850-T-23MAP, 2013 U.S. Dist. LEXIS

175642, at *12 (M.D. Fla. Nov. 8, 2013); *George & Co., Ltd. Liab. Co. v. Alibaba.com, Inc.*, No. 2:10-cv-719-FtM-29DNF, 2011 U.S. Dist. LEXIS 143365, at *3 (M.D. Fla. Dec. 13, 2011).

In each of its amended counterclaims, "[Defendant] repeats and realleges the allegations set forth in the preceding counterclaim paragraphs as if set forth fully in this paragraph." (Def.'s Am. Counterclaims, 17-19, ¶¶ 42, 51, 56, ECF No. 29.) By incorporating every allegation by reference into each subsequent claim for relief, it is virtually impossible to know which allegations of fact are intended to support which claims for relief. *Anderson v. District Bd. of Tr. of Cent. Florida Cmty Coll.*, 77 F. 3d 364, 366 (11th Cir. 1996). For example, the incorporated counterclaim allegations improperly intertwine trademark law and copyright law. (*See* Def.'s Am. Counterclaims, 16, ¶ 33, ECF No. 29 ("All of the copyright claims asserted herein arise out of and are based on [OPC's] use … of a trademark logo that includes a derivative work…").)

In addition, the shotgun pleading results in the incorporation of irrelevant factual allegations and legal conclusions into each of the counts. In *Tampa Park*, the Court stated:

> "[M]any of the facts alleged [in the counterclaim] could not possibly be material to [each] of the counts. Consequently, [the plaintiff] and the district court [must] sift through the facts presented and decide for themselves which [are] material to the particular cause of action asserted, a difficult and laborious task indeed." *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991). Thus, the counterclaim is an impermissible shotgun pleading and violates Rule 8(a)(2), Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim[s]." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997) (describing shotgun pleadings as "altogether unacceptable"); *see also Osgood v. Disc. Auto Parts, LLC*, 2013 U.S. Dist. LEXIS 164477, 2013 WL 6085223 (M.D. Fla. Nov. 19, 2013) (Howard, J.) ("When faced with the extreme burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead . . . .").

*Tampa Park Apartments*, 2015 U.S. Dist. LEXIS 39303, at *7-8.

Similarly, in this case, many of the facts alleged in the counterclaims are not material to all the counts. For example, paragraph 34 alleges OPC obtained the copyrighted work from Shutterstock and created a substantially similar image, and began using the copyrighted work as a trademark. (Def.'s Am. Counterclaims, 16, ¶ 34, ECF No. 29.) This is wholly immaterial to counts I and II, which relate to trademark distinctiveness and non-infringement. The net result is that this Court and OPC would have sift through all of the factually allegations to decide for themselves which are material to the particular cause of action asserted.

Additionally, Defendant's amended counterclaims contain conclusory assertions that are unsupported by any facts. Amended Counterclaim II asserts that Defendant's use of the accused marks does not constitute a litany of causes of actions. (Def.'s Am. Counterclaims, 19, ¶ 52, ECF No. 29.) This legal conclusion is simply preceded by the improper incorporation language, and is followed by statements that OPC has not offered evidence. As such, the count provides absolutely no description of what allegations in the incorporated paragraphs support the cause of action. The lack of specificity becomes particularly unclear with respect to declarations for trademark descriptiveness and non-infringement because there is no way to tell what alleged conduct falls within the scope of the claim.

Moreover, insofar as Defendant bases its claims for declaratory relief on the lack of evidence in OPC's Complaint — as opposed to pleading facts — the amended counterclaim is a shotgun pleading that must be dismissed. *See PK Studios, Inc. v. R.L.R. Invs., LLC*, No. 2:15-cv-389-FtM-99CM, 2016 U.S. Dist. LEXIS 116057, at *26 (M.D. Fla. Aug. 30, 2016), citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015).

**VII. CONCLUSION**

Given the enormously important functions of trademarks—safeguarding consumers from confusion and protecting business goodwill—the allegedly unauthorized use of an image as part of a trademark must not defeat OPC's trademark claims. Further still, Defendant failed to state a claim for attorneys' fees and filed an impermissible shotgun pleading. Accordingly, this motion to strike and dismiss should be granted.

**LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), the undersigned certifies that counsel for OPC conferred with counsel for Defendant regarding the relief sought in this motion and Defendant opposes the requested relief.

Dated: February 25, 2019
Respectfully Submitted,

By: /s/Alejandro J. Fernandez

Alejandro J. Fernandez
Fla. Bar No. 32221
Board Certified in Intellectual Property Law
E-mail: AFernandez@BrinksGilson.com
Stephen J. Leahu
Fla. Bar. No. 54037
Board Certified in Intellectual Property Law
E-mail: SLeahu@BrinksGilson.com
**BRINKS GILSON & LIONE, P.A.**
401 E. Jackson Street, Suite 3500
Tampa, FL 33602
Telephone No. (813) 275-5020
Telefacsimile No. (305) 275-5021

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY certify that on February 25, 2019, I electronically filed the foregoing document with the Clerk of the Court CM/ECF which will send notification of this filing to the following counsel in the service list:

/s/ Alejandro J. Fernandez
Alejandro J. Fernandez

## SERVICE LIST

Stephanie U. Eaton
Fla. Bar No. 165610
Bryan G. Scott
*Admitted Pro Hac Vice*
Jeffrey D. Patton
*Admitted Pro Hac Vice*
**Spilman Thomas & Battle, PLLC**
110 Oakwood Dr. Suite 500
Winston-Salem, NC 27103
Phone: (336) 725-4710
Fax: (336) 725-4476
seaton@spilmanlaw.com
bscott@spilmanlaw.com
jpatton@spilmanlaw.com

Geoffrey D. Sessions
Fla. Bar No. 992984
**Saalfield Shad, P.A.**
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
Phone: (904)355-4401
Fax: (904) 355-3503
Email: gsessions@saalfieldlaw.com
Secondary Email: nrapp@saalfieldlaw.com
shiers@saalfieldlaw.com

*Attorneys for Defendant
Level Four Orthotics and Prosthetics, Inc.*