**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ORTHOTIC & PROSTHETIC CENTERS,
INC., a Florida corporation,

     Plaintiff,

v.                                                            Case No. 8:18-cv-2609-SDM-SPF

LEVEL FOUR ORTHOTICS AND
PROSTHETICS, INC.,
a North Carolina corporation,

     Defendant.

_____/

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

Pursuant to Rules 34(b)(2) and 37(a) of the Federal Rules of Civil Procedure, and Local Rule 3.04(a), Plaintiff Orthotic & Prosthetic Centers, Inc. ("OPC"), requests that this Court enter an Order compelling Defendant Level Four Orthotics and Prosthetics, Inc. ("Level Four") to provide a complete answer to OPC's Interrogatory Nos. 3, 9, 13-15 and produce all documents responsive to OPC's Requests Nos. 9, 26-27, 31-32, 54, 60, 64-65 and 71.  Further, OPC seeks an award of its reasonable expenses incurred in making this motion, including attorney's fees.  OPC also requests oral argument in connection with the motion.  In support of this motion, OPC states as follows:

**I.    Introduction**

OPC served discovery requests on Defendant nearly two months ago.  OPC provided Defendant ample time and flexibility to identify and produce documents requested by OPC. After significant back-and-forth, and in response to OPC's numerous requests for production, Defendant produced a paltry 603 pages of documents.  Of these 600-odd pages, a third merely

consist of Defendant's prosecution history for the marks at issue.  Defendant left out the most salient and important documents requested by OPC.

Following their limited production, Defendant has (i) repeatedly vacillated when pressed to produce the outstanding documents; (ii) deflected and demurred when pressed to provide a certain date on which production will be complete; and (iii) belatedly identified a "service issue" despite having had actual notice of the discovery requests and having waived any objection as to service by responding to the requests and conducting several meet-and-confers on Defendant's continued failure to timely produce the requested documents. Defendant's continued refusal to provide OPC documents relevant to its case, or certainty as to when (or if) OPC will receive such documents is pure gamesmanship that is calculated to impede OPC's preparation of its case.  Indeed, Defendant's failure to comply with basic discovery obligations is frustrating OPC from preparing its case, increasing expenses, and delaying other forms of discovery.  While OPC made repeated attempts to resolve this matter, Defendant's continued refusal to timely produce documents requires the Court's intervention.

OPC brought claims of trademark infringement and unfair competition against Defendant for infringement of the OPC Word Mark and the OPC Logo Mark, collectively referred to as "OPC's Marks."  Specifically, Defendant infringed OPC's Marks by using the confusingly similar RESTORE OPC Word Mark and the confusingly similar RESTORE OPC Logo Mark, collectively referred to as the "Infringing Marks."

On January 10, 2019, OPC served its First Set of Requests for Production on Defendant. In response to OPC's discovery requests, Defendant produced a woefully deficient short stack of documents.  Entire categories of critical documents remain missing – even following

Defendant's Supplemental Production of 24 pages.   For example, Defendant provided documents showing the types of products and services offered under the Infringing Marks, but withheld all information relating to the trade channels through which these products and services are offered and sold.

Moreover, Defendant has not provided any justification for their withholding of documents or failure to provide the requisite certification that their production is complete and correct.   Accordingly, this Court should enter an Order compelling Defendant to provide full and complete responses to extant discovery.   In addition, this Court should order Defendant to pay OPC's attorneys' fees and costs incurred in connection with this Motion to Compel.

## II.    Legal Standard

"Any ground not stated in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure."  Fed. R. Civ. P. 33(b)(4); *see also* Middle District Discovery (2015) at 16, Section IV.B.1. ("Absent compelling circumstances, failure to assert objections to an interrogatory within the time for answers constitutes a waiver and will preclude a party from asserting the objection in a response to a motion to compel.").   A party objecting to an interrogatory must state "with specificity" the grounds for such objection.  *Id.* Furthermore, "[a] party resisting discovery must show specifically how...each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive..." *Panola Land Buyer's Assn. v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985).   An evasive or incomplete answer or response must be treated as a failure to answer or respond.  Fed. R. Civ. P. 37(a)(4). When a party fails to answer an interrogatory, the party seeking the discovery may move to compel the response.  Fed. R. Civ. P. 37(a)(3)(B)(iii).

3

Rule 34 of the Federal Rules of Civil Procedure sets forth the procedures for obtaining access to documents and things within the control of the opposing party.  Fed. R. Civ. P. 34.  Rule 34(a) allows a party to serve on any other party a request within the scope of Rule 26(b).  Fed. R. Civ. P. 34(a).  The party to whom the request is directed must respond within thirty days after being served, and for each item or category, must state with specificity the grounds for objecting to the request, including the reasons.  Fed. R. Civ. P. 34(b)(2).  The Advisory Committee Notes to the 1970 Amendment state that this subdivision "is essentially the same as that in Rule 33 . . . ."  Thus, as a general rule, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived.  *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989); *see also* Middle District Discovery (2015) at 12, Section III.A.6. ("Absent compelling circumstances, failure to assert an objection to a request for production within the time allowed for responding constitutes a waiver and will preclude a party from asserting the objection in response to a motion to compel.").  This is so even though a party had an objection to make.  *See Jaffe v. Grant*, 793 F.2d 1182, 1190 n.6 (11th Cir. 1986) (objection based on Fifth Amendment waived by failure to timely assert such privilege in response to discovery); *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984) (same as to work product).  Furthermore, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C).  When a party fails to produce documents as requested under Rule 34, the party seeking the discovery may move to compel the discovery.  Fed. R. Civ. P. 37(a)(3)(B)(iv).  Whether or not to grant an order to compel is at the discretion of the Court.  *Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

Under Rule 37(a)(5)(A), if the Court grants a motion to compel, it should award the moving party its reasonable expenses incurred in making the motion, including attorney's fees, unless the movant filed the motion before attempting in good faith to obtain the discovery without court action, the opposing party's nondisclosure was substantially justified, or other circumstances make an award of expenses unjust.  *See also Scipione v. Advance Stores Co., Inc.*, 294 F.R.D. 659 (M.D. Fla. 2013) (finding that the Court maintains broad authority in sanctioning a party, including imposition of expenses and attorneys' fees associated with the party's discovery abuses).

## III.    Memorandum in Support of Motion

Fed. R. Civ. P. 26(b)(l) permits the discovery of any matter relevant to the subject matter of the litigation, if it appears reasonably calculated to lead to the discovery of admissible evidence.  The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information, so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  *Hunter's Ridge Golf Co., Inc. v. Georgia-Pacific Corp.*, 233 F.R.D. 678, 680 (M.D. Fla. 2006).  In addition to having a broad scope, discovery in the federal courts is "intended to operate with minimal judicial supervision . . . ."  *Id.*

### A.    Defendant Should be Compelled to Fully Respond to OPC's Interrogatory

On January 10, 2019, OPC served its first set of interrogatories on Defendant. Defendant responded on February 11, 2019 with its unverified answers.  The verification page was served by Defendant's counsel on February 20, 2019.

Through their counsel, the parties met and conferred several times regarding OPC's interrogatories.  In addition, the parties exchanged letters and emails to follow up on their discussions.  During the last meet-and-confer on February 28, 2019, the parties discussed the specific interrogatories set forth below.  Defendant, however, continues to dodge requests for a certain date on which supplemental answers to these interrogatories will be provided.

**OPC's Interrogatory No. 3, and Defendant's Response:**

> 3.      Identify all persons, including without limitation Defendant's officers, directors, agents, and employees, both present and former, who are most knowledgeable concerning the development, design, production, sales, marketing, advertising, and promotion of products and services under the Infringing Marks in the United States, and identify the relevant subject matter knowledge for each person.

> RESPONSE: Subject to its General Objections, Level Four responds as follows: The Management Team tasked with the responsibility in the development, design, production, sales, marketing, advertising, and promotion of the Accused Marks and any marketing efforts utilizing those marks are James Button, Philip Dempsey, Leo Koo, Vicky Romanoski, Wayne Rosen, Stephanie Shumaker, Paul Spadino, Ben Walker, Frank Politano and Eric Lee. These individuals can be contacted through Level Four's counsel.

**OPC's Reason to Compel a Complete Response to Interrogatory No. 3:**

The term identify was defined in OPC's First Set of Interrogatories as follows: "The term 'identify' or 'identifying' when used in reference to any natural person means showing his or her first and last name, present or last known address, and/or his or her present or last known employment position and business affiliation.  When used in reference to a person other than an natural person, 'identify' or 'identifying' means showing the name of the entity, the type of entity it is, e.g. corporation, partnership, limited partnership, and/or the present or last known address of its principal place of business."

Accordingly, Defendant's answer fails to identify each aspect of the question.  For example, among other missing details, it lacks the relevant subject matter knowledge for each person, their address, and whether each person is a present or former officer, director, agent or employee of Defendant.  OPC is entitled to this information.  For example, the identification of person knowledgeable about the sales and promotion of Defendant's goods and services is relevant to OPC's allegations of liability and damages.  Thus, the request to compel a complete response to this interrogatory should be granted.

**OPC's Interrogatory No. 9, and Defendant's Response:**

> 9.      Identify each commercial outlet and channel of trade in which Defendant's G&S bearing the Infringing Marks have ever been sold, and specify the dates on which such Defendant's G&S were sold and which of such stores are currently selling or offering such products and services.

> RESPONSE: Subject to its General Objections, Level Four responds as follows: None. Level Four does not sell goods or services bearing the Accused Marks. To the extent this interrogatory seeks information about Level Four's clinic locations, generally, a current list is available on Level Four's website at https://www.restoreopc.com/find-a-location/.

**OPC's Reason to Compel a Complete Response to Interrogatory No. 9:**

The referenced "General Objections" include only two objections: 1) an objection to "the defined term 'Infringing Marks' in describing the marks associated with Level Four."; and, 2) an objection to "the defined term 'OPC' in describing itself or its marks because 'OPC' is an alleged trademark at issue in this case."

The term "Defendant's G&S" was defined as follows: the goods and/or services referenced in paragraphs 30-44 of the Complaint, including without limitation the goods and/or services listed in the trademark applications referenced in paragraphs 32-33 of the Complaint.

Defendant's answer was evasive because it points to Defendant's website, which lists clinical locations and bears the Infringing Marks.  There is no question that good and services are offered on the website, and are sold at the clinical locations.  However, the answer fails to identify the specific channels and the dates on which Defendant's G&S were sold.  OPC is entitled to this information because the similarity of the parties' outlets and the proof of such sales are directly relevant to OPC's allegations of liability and damages.  *See, e.g., AmBrit, Inc. v. Kraft, Inc.*, 812 F.2d 1531, 1541 (11th Cir. 1986) ("Likelihood of confusion is more probable if the products are sold through the same channels to the same purchasers").  Defendant's refusal to provide a complete and thorough response to Interrogatory No. 9 has prejudiced OPC's ability to prove its claims and damages.  Thus, the request to compel a complete response to this interrogatory should be granted.

**OPC's Interrogatory No. 13, and Defendant's Response:**

13.     Identify and describe in reasonable detail each search or investigation ever conducted by or on behalf of Defendant in connection with the selection and registration of Defendant's Domain Name, including without limitation who performed each search, the dates each search was performed, and the results of and conclusions you made concerning each search.

RESPONSE: Subject to its General Objections, Level Four responds as follows: Subject to and notwithstanding its General Objections, Level Four responds as follows: Both Squadhelp, Inc., through TrademarkNow, Inc., and K&L Gates performed clearance searches on the Accused Marks on behalf of Level Four prior to registration of Level Four's domain name and adoption of the Accused Marks or submission of the '871 and '042 Applications. The Management Team also performed simple Internet searches early on during the brainstorming process of selecting a new name, and Level Four vetted the Accused Marks internally before adopting them.

**OPC's Reason to Compel a Complete Response to Interrogatory No. 13:**

Defendant fails to identify the dates when each search was performed, and the results of and conclusions Defendant made concerning each search. OPC is entitled to any documents demonstrating Defendant's knowledge of OPC and OPC's trademarks, and Defendant's misconduct in willful infringement. In addition, the requested information also relates to Defendant's affirmative defenses, e.g. the allegations that Defendant's conduct was made in good faith and without malice. Thus, the request to compel a complete response to this interrogatory should be granted.

**OPC's Interrogatory No. 14, and Defendant's Response:**

14.     For each year since Defendant began using the Infringing Marks, identify the dollar amount of all sales, profits, and costs for all products and services sold under the Infringing Marks, and identify all Documents sufficient to show these amounts.

RESPONSE: Subject to its General Objections, Level Four responds as follows: Level Four does not track sales or revenues derived from the website and cannot presently answer this interrogatory. To the extent this interrogatory seeks information that is properly the subject of expert testimony, Level Four will disclose expert reports in accordance with the Court's Case Management Order and the Federal Rules of Civil Procedure.

**OPC's Reason to Compel a Complete Response to Interrogatory No. 14:**

Defendant's answer was evasive because it is improperly limited to Defendant's "sales or revenues derived from the website." There is no question that good and services are sold at Defendant's clinical locations. OPC is entitled to this basic sales information. Proof of such sales is directly relevant to OPC's allegations of liability and damages. Defendant's refusal to provide a complete and thorough response to Interrogatory No. 14 has prejudiced OPC's

ability to prove its claims and damages.  Thus, the request to compel a complete response to this interrogatory should be granted.

**OPC's Interrogatory No. 15, and Defendant's Response:**

> 15.    Identify all of Defendant's current and former clients, customers, distributors and resellers.
>
> RESPONSE: Level Four objects to this interrogatory as overly-broad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not reasonably calculated to lead to the discovery of relevant information and not relevant to any claim or defense in this action to the extent it is not limited in any manner in time or scope and seeks information that has no bearing whatsoever on the trademark issues in dispute. Level Four further objects to this interrogatory on the grounds that it seeks confidential and commercially sensitive information.

**OPC's Reason to Compel a Complete Response to Interrogatory No. 15:**

Defendant's answer provided no responsive information, and merely referenced boilerplate objections without providing any specific grounds or reasons in their support.  Such boilerplate objections are insufficient without a full, fair explanation particular to the facts of the case.  "All grounds for an objection must be stated with specificity."  Middle District Discovery (2015) at 16, Section IV.B.1.  "If any interrogatory is objectionable because of overbreadth, the responding party, although objecting, must answer the interrogatory to the extent that the interrogatory is not overbroad. In other words, an objection for overbreadth does not relieve the duty to respond to an extent that is not overbroad, while a party awaits a judicial determination regarding the objection."   Middle District Discovery (2015) at 18, Section IV.C.6.

OPC is entitled to the requested information because it is directly relevant to the channels of trade and the market of Defendant's goods and services.  *See AmBrit, Inc.*, 812

F.2d at 1541.  In a letter dated February 20, 2019, OPC's counsel indicated to Defendant's counsel that: "If you withdraw your objection, we will accept a response directed to the last four years. The protective order obviates the confidentiality objection."  There is no question that Defendant is, or will be, selling the same goods and services under the Infringing Marks as it did under the "Level Four" brand.  Defendant's refusal to provide a complete and thorough response to Interrogatory No. 15 has prejudiced OPC's ability to prove its claims and damages. Thus, the request to compel a complete response to this interrogatory should be granted.

**B.      Defendant Should be Compelled to Produce Responsive Documents**

OPC served its First Set of Requests for Production on January 10, 2019.  The Requests for Production seek documents corresponding to Defendant's use of the Infringing Marks, Defendant's activities in connection with the Infringing Marks, Defendant's consumers, Defendant's knowledge of OPC and the OPC Marks, Defendant's allegation of OPC's infringement of its copyright, Defendant's revenue, profits, and costs, and supporting documentation such as Defendant's corporate documents, financial statements and tax returns, and Defendant's organizational structure.

Defendant responded to OPC's First Set of Requests for Production on February 11, 2019.  Defendant's Responses are deficient because they raise objections and fail to produce all responsive documents.  Moreover, and despite these deficiencies, Defendant has not fully supplemented their Responses.  The specific Requests for Production that OPC moves to compel at this time, Defendant's responses, and OPC's reasons to compel are as follows:

**OPC's Request No. 9, and Defendant's Response:**

9.       Documents and Things sufficient to identify all of the products and services offered by Defendant.

RESPONSE: Level Four objects to this request as overly-broad and seeking information that is neither relevant to any claim or defense nor reasonably calculated to lead to discovery of admissible or relevant information.

**OPC's Reason to Compel Documents Responsive to Request No. 9:**

The goods and services offered by Defendant are integral to OPC's claims of trademark infringement as well as its damages, and thus directly relevant to this suit.  To date, Defendant has failed to sufficiently identify the products and services it offers such that OPC may develop legal theories and support for its claims.  OPC is entitled to any documents that identify the products and services offered by Defendant.  Defendant's refusal to provide documents that are fully responsive to Request No. 9 has prejudiced OPC's ability to prove its claims and damages.  Thus, the request to compel Request No. 9 should be granted.

**OPC's Request No. 26, and Defendant's Response:**

26.     Documents identifying the annual advertising and promotional expenditures for all products and services sold or offered for sale under the Infringing Marks.

RESPONSE: Subject to and without waiving its General Objections, Level Four will produce representative responsive, non-privileged documents of which it is aware.

**OPC's Reason to Compel Documents Responsive to Request No. 26:**

Defendant's use of the Infringing Marks constitutes trademark infringement pursuant to 15 U.S.C. § 1125(A).  The requested documents are relevant to OPC's claims because they may identify the degree to which Defendant has used the Infringing Marks in the marketplace, the geographic locations Defendant has chosen to focus its marketing efforts in, and the monetary investments Defendant has made in connection with the same.  It is evident from a cursory review of Defendant's paltry production that Defendant is advertising its products and

services under the Infringing Marks; and thus, ostensibly, spending funds on the same. Defendant, however, has not produced any documents responsive to this request. Moreover, Defendant refuses to provide a date upon which it will provide documents responsive to this request. As such, Defendant has not performed a good faith effort to produce responsive documents to Request No. 26.

Defendant's refusal to provide responsive documents to Request No. 26 has prejudiced OPC's ability to prove its claims. Further, Defendant merely referenced general objections without providing any specific grounds or reasons in support of the boilerplate objections. Thus, the request to compel Request No. 26 should be granted.

### OPC's Request No. 27, and Defendant's Response:

> 27.    Documents sufficient to identify all trade fairs, trade shows, trade exhibitions, and trade expos that Defendant attends.
>
> RESPONSE: Level Four objects to this Request as overly-broad, unduly burdensome, and not proportional to the needs of the case to the extent it contains no limitations on timing or subject matter for the referenced events. Subject to and without waiving the foregoing objections, Level Four will construe this Request as seeking information about trade fairs, trade shows, trade exhibitions, and trade expos Defendant has attended since launching Defendant's Domain Name and, consistent with this interpretation, will produce representative responsive, non-privileged documents of which it is aware.

### OPC's Reason to Compel Documents Responsive to Request No. 27:

Defendant's use of the Infringing Marks constitutes trademark infringement pursuant to 15 U.S.C. § 1125(A). The requested documents are relevant to OPC's claims because they may identify the degree to which Defendant has used the Infringing Marks in the marketplace, the geographic locations Defendant has chosen to focus its marketing efforts in, and the degree of overlap between OPC and Defendant's trade channels and consumers. *See AmBrit, Inc.*,

812 F.2d at 1541.  Thus, the requested documents are integral to OPC's claims.  Defendant, however, has not produced any documents responsive to this request.  Moreover, Defendant refuses to provide a date upon which it will provide documents responsive to this request.

As such, Defendant has not performed a good faith effort to produce responsive documents to Request No. 27.  Defendant's refusal to provide responsive documents to Request No. 27 has prejudiced OPC's ability to prove its claims.  Thus, the request to compel Request No. 27 should be granted.

**OPC's Request No. 31, and Defendant's Response:**

> 31.    Documents sufficient to identify the revenues, profits, and costs, in dollars per month or quarter, associated with the sale in the United States of products and services under the Infringing Marks, from the first use of the Infringing Marks through the present, including underlying documentation sufficient to support such figures.

> RESPONSE: Subject to and without waiving its General Objections, Level Four is not aware of documents responsive to this Request.

**OPC's Reason to Compel Documents Responsive to Request No. 31:**

Defendant's revenues, profits, and costs associated with the sale in U.S. commerce of products and services under the Infringing Marks are integral to OPC's claims and calculation of OPC's damages.  *See, e.g. Wheel Pros, LLC v. Starr Wheel Group, Inc.*, 2010 WL 3815515, at *3 (S.D. Fla. Sept. 27, 2010) (compelling production of Plaintiff's total sales revenue and net income because they are "relevant and discoverable" to damages for claims of federal trademark infringement).  Defendant's response indicates it is not aware of documents responsive to this Request; however, these documents undisputedly exist.  Indeed, there is no question that goods and services covered by the Infringing Marks are sold, at minimum, at Defendant's clinical locations.  OPC is entitled documents identifying this basic sales

information.  To date, Defendant has not only refused to provide a date on which it will provide the requested documents, Defendant has refused to provide the requested documents by asserting they are unaware of such documents.

Accordingly, Defendant has not performed a good faith effort to produce responsive documents to Request No. 31.  Defendant's refusal to provide all responsive documents to Request No. 31 has prejudiced OPC's ability to prove its claims and damages in suit.  Further, Defendant merely referenced general objections without providing any specific grounds or reasons in support of the boilerplate objections.  Thus, the request to compel Request No. 31 should be granted.

**OPC's Request No. 32, and Defendant's Response:**

> 32.    Documents identifying the volume of sales of goods and services under the Infringing Marks on an annual basis from the first sale of any goods or services under the Infringing Marks through the present, including, without limitation Documents showing the annual quantity and dollar amount of each product and service sold, including underlying documentation sufficient to support such figures.
>
> RESPONSE: Subject to and without waiving its General Objections, Level Four is not aware of documents responsive to this Request.

**OPC's Reason to Compel Documents Responsive to Request No. 32:**

Defendant's sales of goods and services under the Infringing Marks are integral to OPC's claims and calculation of damages.  Defendant's response indicates it is not aware of documents responsive to this Request; however, these documents undisputedly exist.  Indeed, there is no question that goods and services covered by the Infringing Marks are sold, at a minimum, at Defendant's clinical locations.  OPC is entitled to documents identifying this basic sales information.  However, to date, Defendant has not only refused to provide a date

on which it will provide the requested documents, Defendant has refused to provide the requested documents by asserting they are unaware of such documents.

As such, Defendant has not performed a good faith effort to produce responsive documents to Request No. 32.  Defendant's refusal to provide all responsive documents to Request No. 32 has prejudiced OPC's ability to prove its claims and damages in suit.  Further, Defendant merely referenced general objections without providing any specific grounds or reasons in support of the boilerplate objections.  Thus, the request to compel Request No. 32 should be granted.

**OPC's Request No. 54, and Defendant's Response:**

> 54.     Copies of Defendant's policies concerning retention, storage, filing, and destruction of electronic Documents and electronic mail.
>
> RESPONSE: Level Four objects to this Request as overbroad and vague to the extent it contains no limitations as to time. Subject to and without waiving its objections, Level Four will produce all responsive, non-privileged documents of which it is aware and which were in effect during the times relevant to this action.

**OPC's Reason to Compel Documents Responsive to Request No. 54:**

Defendant's policies concerning retention, storage, filing and destruction of documents and electronic mail directly relates to OPC's access to information relevant to its claims and damages.  Moreover, the existence of such policies, and the content of the same, better ensures the integrity of this suit and avoids any assertion of, or concern relating to, spoliation.  As such, the requested documents are relevant to OPC's claims.

OPC is entitled to any documents that show how Defendant addresses the issue of retention, storage, filing, and destruction of its electronic documents and electronic mail. Defendant's response indicates it will provide all responsive non-privileged documents;

however, to date, OPC is in receipt of none.  Moreover, Defendant has refused to provide a

date on which it will provide the requested documents.  As such, Defendant has not performed

a good faith effort to produce responsive documents to Request No. 54.  Defendant's refusal

to provide all responsive documents to Request No. 54 has prejudiced OPC's ability to prove

its claims in suit.  Thus, the request to compel Request No. 54 should be granted.

### OPC's Request No. 60, and Defendant's Response:

> 60.     All financial statements, profit and loss statements, income statements,
> financial ledgers, and related materials for the past four years.

> RESPONSE: Level Four objects to this Request on the grounds that it overly
> broad and unduly burdensome in seeking "all" rather than representative
> documents and to the extent it is not reasonably calculated to lead to the
> discovery of relevant or admissible evidence for time periods that predate use
> of the Accused Marks. Subject to and without waiving its objections, Level
> Four will produce representative responsive, non-privileged documents of
> which it is aware.

### OPC's Reason to Compel Documents Responsive to Request No. 60:

Under Eleventh Circuit law, financial information is squarely relevant to damages

resulting from intellectual property infringement and is thus discoverable.  *See Burger King v.

Mason*, 710 F. 2d. 1490, 1495 (11th Cir. 1983) (noting that the burden is on the accused

infringer to provide all documents as to the elements of costs and deductions to offset an award

of defendant's profits associated with the infringement); *see also Wheel Pros, LLC v. Starr

Wheel Group, Inc.*, 2010 WL 3815515, at *3 (S.D. Fla. Sept. 27, 2010) (compelling production

of Plaintiff's total sales revenue and net income because they are "relevant and discoverable"

to damages for claims of federal trademark infringement).

The     Eleventh     Circuit     has     allowed     discovery     of     tax     returns     and

other financial information to assist in assessing sales information. *See Maddow v. Procter &

*Gamble Co., Inc.,* 107 F.3d 846, 853 (11th Cir. 1997) (affirming the district court's decision to compel discovery of tax records, finding it "was not an abuse of discretion" and also found that the tax records were "arguably relevant to the case."); *see also Coach Inc. v. Visitors Flea Mkt., LLC,* 2013 WL 5770598, at *2 (M.D. Fla. Oct. 24, 2013).   Courts also consider a Defendant's bank accounts relevant to show revenues in intellectual property infringement matters.   *Gucci Am., Inc. v. Weixing Li,* No. 10-4974, 2011 U.S. Dist. LEXIS 97814, at *17 (S.D.N.Y. Aug. 23, 2011) (noting that information related to defendants' bank accounts is likely to provide the most effective measure of the revenues generated by defendants in the alleged contravention of the Lanham Act.).

Additionally, information sufficient to quantify total revenues based upon sale of implicated goods is relevant in assisting intellectual property infringement damages. *See Select Comfort Corp. v. Sleep Better Store, LLC,* 2012 U.S. Dist. LEXIS 189645, at *31-33 (D. Minn. Oct. 18, 2012) ("defendant shall provide to plaintiff the revenues from the sale of its products from 2005 to the present"); *Masters v. UHS v. Del., Inc.,* 2007 U.S. Dist. LEXIS 79169, at *5-6 (E.D. Mo. Oct. 23, 2007) (ordering accused infringer to provide breakdown of total revenues).

Courts have even found *backup* documentation for summaries of information relevant to a damages inquiry in intellectual property cases.   *Best W. Int'l Inc. v. Bhagirath*, Civil Action No. 12-0121 (M.D. La. May 14, 2013) ("Plaintiff's claim for disgorgement of profits entitles it to inquire into what profits were in fact made, and to the production of sufficient backup documentation to allow it to test any figures listed on tax returns, profit and loss statements, or the like.").   *Lee Valley Tools, Ltd. v. Industrial Blade Co.*, 288 F.R.D. 254 (W.D.N.Y. Jan. 29,

2013) is instructive.   There, the Court considered relevant financial documents, namely summaries of costs associated with and revenues generated by Veritas's sales of hand planes and blades.   The Court held that the summaries would be used by Veritas to defend against IBC's infringement damages calculation.   Thus, the Court found that Veritas had a duty to disclose these documents, as well as the underlying data on which the summaries are based.

Here, OPC's request for all financial statements, profit and loss statements, income statements, financial ledgers, and related materials for the past four years is sufficiently narrow and reasonably calculated to lead to the discovery of relevant or admissible evidence. Moreover, the requested documents will allow OPC to prepare an informed damages calculation.   For all the reasons stated above, the request to compel Request No. 60 should be granted.

**OPC's Request No. 64, and Defendant's Response:**

> 64.     All Documents that support the allegations set forth in Paragraphs 17-23 of Defendant's Counterclaims, including without limitation the allegation that Plaintiff copied an image owned by Shutterstock without permission.
>
> RESPONSE: Level Four will produce all responsive, non-privileged documents of which it is aware.

**OPC's Reason to Compel Documents Responsive to Request No. 64:**

Documents supporting Defendant's allegations that OPC copied an image owned by Shutterstock without permission and that OPC comes before this Court with unclean hands are integral to OPC's defense and response to Defendant's assertions as set forth in Paragraphs 17-23 of Defendant's Counterclaims.   OPC is entitled to any documents that support Defendant's allegations.   Defendant's response indicates it will provide all responsive non-privileged documents; however, to date, OPC is in receipt of none.   Moreover, Defendant has

refused to provide a date on which it will provide the requested documents.  As such, Defendant

has not performed a good faith effort to produce responsive documents to Request No. 64.

Defendant's refusal to provide responsive documents to Request No. 64 has prejudiced OPC's

ability to defend itself and to respond to Defendant's allegations.  Thus, the request to compel

Request No. 64 should be granted.

**OPC's Request No. 65, and Defendant's Response:**

> 65.    All Documents and Things that Defendant was required to identify in,
> or which Defendant consulted, referred to, or relied upon in preparing or
> developing its responses to any interrogatory in this Lawsuit.
>
> RESPONSE: Level Four objects to this Request to the extent it requests
> documents falling within the scope of the attorney-client and/or work-product
> privileges, or reflecting the mental impressions, conclusions, opinions, or legal
> theories of Level Four's attorneys or other representatives. Subject to and
> without waiving its objections to this Request and to Plaintiff's Interrogatories,
> see documents Bates labeled Defendant000001-578.

**OPC's Reason to Compel Documents Responsive to Request No. 65:**

Documents that Defendant was required to identify in its interrogatories or that

Defendant consulted, referred to, or relied upon while preparing or developing its responses

to any interrogatory in this Lawsuit are directly relevant to OPC's claims and damages.

Moreover, the requested documents are the foundation upon which Defendant built its

responses to OPC's interrogatories, and thus the foundation upon which OPC may further

develop and demonstrate its infringement claims.  As such, OPC is entitled to every

document that Defendant identified or consulted, referred to, or relied upon while preparing

its interrogatory responses.  Defendant's response to Request No. 65 merely identifies (i)

Defendant's prosecution history for the Infringing Marks; (ii) the opposition and complaint

relating to Defendant's Infringing Marks; (iii) the Trademark Now searches for Defendant's

(a) RESTORE OPC, (b) EMBRACE OPC, and (c) ASCEND OPC marks; and (iv) the

SquadHelp branding research and contest hosted for Defendant's new business name.  As

such, Defendant's response to OPC's Request No. 65 is woefully incomplete.  Moreover,

Defendant has not provided a certification that their disclosure of responsive documents is

complete and correct.  Defendant's refusal to provide all responsive documents to Request

No. 65 has prejudiced OPC's ability to prove its claims in suit.  Thus, the request to compel

Request No. 65 should be granted.

**OPC's Request No. 71, and Defendant's Response:**

> 71.    All ESI for the Documents produced in response to the above requests.
>
> RESPONSE: Level Four objects to this Request as vague and overbroad in its use of the term "ESI" as Level Four cannot determine what documents or information is requested. Subject to and without waiving its objections, Level Four understands this Request to seek "metadata" for electronically stored information produced in response to other Requests and Level Four will produce metadata as required and detailed in any orders of the Court or agreed electronically stored information stipulation between the parties.
>
> **OPC's Reason to Compel Documents Responsive to Request No. 71:**

In its First Set of Requests for Production, OPC defined "Electronically Stored

Information" or "ESI" as being "used herein to describe any information created, stored, or

utilized with electronic and/or computerized technology of any type."  OPC's definition of the

term ESI obviates any objections the same is vague or overbroad.  Further, Defendant and OPC

entered a Joint Motion for Entry of Protective Order on February 13, 2019, which the Court

summarily granted.  The entry of this Protective Order further precludes any concerns relating

to the confidentiality of Defendant's ESI.  OPC is entitled to all ESI for the documents

produced by Defendant, and mechanisms are in place to ensure Defendant's ESI remains confidential. However, Defendant continues to demur and refuse to provide OPC access to the requested ESI.

Two weeks ago, OPC expressed its concern that Defendant was withholding ESI. In reply, Defendant proposed unreasonable ESI stipulations as a delay tactic. Such stipulations were not presented during the Rule 26 Conference, nor during the 30-day period after the discovery requests were served. When OPC was forced to unilaterally file a Case Management Report ("CMR") because Defendant's prior counsel refused to sign the CMR in light of their anticipated withdrawal, OPC included a provision regarding an ESI agreement. *See* CMR [ECF No. 21], at 7, §5. However, that provision was later removed from the Amended CMR. *See* Am. CMR [ECF No. 33], at 7, §5. OPC was surprised when Defendant stated—2 weeks after the filing of the Amended CMR—that it did not commence any search for ESI and raised the issue of ESI stipulations long after the production of Defendant's documents were past due.

Since then, the parties have made efforts to agree upon an ESI protocol. Indeed, both parties prepared draft ESI Orders. The parties, however, were unable to reach an agreement. For example, OPC expressly objected to Defendant's request to the overly broad search term "OPC." Such a search would likely return every single email in OPC's possession because the term is contained within the email addresses for each of OPC's employees. Rather than picking each other's search terms and custodians, each party should be capable of performing efficient and defensible procedures for the identification of their responsive ESI. This is the default rule, as Federal Rule of Civil Procedure 34 requires documents and ESI to be produced in either the form in which it is ordinarily maintained or in a reasonably usable form, unless

otherwise stipulated or ordered by the court.  Defendant should not be permitted to delay its collection, and production, of ESI any longer.

Moreover, Defendant has refused to provide a date on which it will provide the requested documents.  As such, Defendant has not performed a good faith effort to produce responsive documents to Request No. 71.  Defendant's refusal to provide responsive documents to Request No. 71 has prejudiced OPC's ability to support its claims and defenses. Thus, the request to compel Request No. 71 should be granted.

**C.     Defendant Should Pay OPC its Reasonable Expenses Incurred by this Motion**

OPC attempted in good faith to resolve this dispute without seeking court intervention. OPC's undersigned counsel had substantive discussions with Defendant's counsel in an effort to obtain complete and thorough responses and corresponding documents.  Despite its efforts, OPC has been unable to obtain adequate discovery responses without the intervention of this Court.   Additionally, there is no justification for Defendant's failure to provide adequate discovery responses and documents.  Rather than engaging in good faith discovery, Defendant is attempting to sandbag OPC by withholding information about their sales and profits.  Such impermissible tactics have prejudiced OPC's ability to prepare its case in suit.  Further, no other circumstances would make an award of expenses unjust.  The present discovery obstacle is Defendant's own doing, and OPC should not be forced to bear the expense of compelling Defendant to comply with their discovery obligations.  Accordingly, this Court should sanction Defendant by awarding OPC its fees incurred in having to make this Motion.

OPC has incurred and paid attorneys' fees in order to obtain discovery responses necessary to defend this case.  For example, undersigned counsel had multiple conversations

with Defendant's counsel and granted an extension in an effort to persuade Defendant to cure the deficiencies in their discovery responses and production.  Alas, Defendant was unable to provide a date certain for: (a) the production of any remaining documents responsive to the document requests; or, (b) a complete response to the interrogatories.  As such, undersigned counsel was required to expend substantial time and resources to prepare and file this Motion.

In determining the reasonableness of attorneys' fees, this Court may consider the facts and circumstances of the case when determining whether fees were reasonably expended. *Levine v. Keaster*, 862 So. 2d 876, 882 (Fla. 4th DCA 2003); *see also Florida Patient's Compensation Fund v. Rowe,* 472 So. 2d 1145, 1150 (Fla. 1985) (listing factors used in determining the reasonableness attorneys' fees).  This Court has found that rates within the range charged by undersigned counsel are reasonable based on prevailing rates in Florida.  *See MCC Management of Naples, Inc.,* 2008 WL 4642798 at *1.

OPC has engaged the intellectual property law firm of Brinks Gilson & Lione, P.C. to represent it in this trademark infringement action and has agreed to pay reasonable fees for its services.  Undersigned counsel's rates are reasonable in light of the subject matter in this action.  This required a substantial commitment of time and effort by undersigned counsel. The fees charged are customary for trademark litigation in the Middle District of Florida. Moreover, OPC has paid fees at these hourly rates on a regular basis in this case, which is further evidence of the reasonableness of the fees.

In support of this Motion for attorneys' fees, OPC will provide the Court a declaration as to the reasonableness of its attorneys' fees upon the Court's issuance of an Order indicating that OPC is entitled to its fees.  The fee declaration will set out a detailed description of efforts

undertaken by attorneys to obtain the requested relief.  Detailed time entries will be attached to the fee declaration in support of the number of hours expended in preparation of this Motion.

## IV.     Conclusion

OPC's Interrogatories and its Requests for Production are reasonable, proper, and intended to allow OPC to properly prove its causes of action against Defendant.  Defendant's failure to provide complete and thorough interrogatory responses and the requested documents has prejudiced OPC's ability to properly prove its claims in this matter.

WHEREFORE, OPC respectfully requests that this Court issue an Order:

(1)  compelling Defendant to provide all requested documents;

(2)  compelling Defendant to provide complete and thorough responses to OPC's interrogatories;

(3) requiring Defendant to pay OPC's attorneys' fees and costs incurred in connection with this Motion to Compel; and,

(4) granting all other relief this Court deems appropriate.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to L.R. 3.01(g), the undersigned certifies that counsel for the Plaintiff have conferred with counsel for Defendant in a good-faith effort to resolve the issues presented by this Motion, but the parties were unable to reach an agreement.

Dated: March 7, 2019                           Respectfully Submitted,

By:  _/s/ Stephen J. Leahu_

Alejandro J. Fernandez (FBN: 32221)
Board Certified in Intellectual Property Law
E-mail:  afernandez@brinksgilson.com
Stephen J. Leahu (FBN: 54037)
Board Certified in Intellectual Property Law

E-mail: sleahu@brinksgilson.com
**BRINKS GILSON & LIONE**
401 E. Jackson Street, Suite 3500
Tampa, FL 33602
Telephone No.:  (813) 275-5020
Facsimile No.:  (813) 275-5021

*Counsel for Plaintiff*


## CERTIFICATE OF SERVICE

I HEREBY certify that on March 7, 2019, I electronically filed the foregoing document with the Clerk of the Court CM/ECF, which will send notification of this filing all counsel of record in this action.

*/s/ Stephen J. Leahu*
Stephen J. Leahu